**Robert G. McCRAY, Petitioner,**

v.

**L. B. SULLIVAN, Respondent.**
(two cases)

**Jerry WHITE and Alvin Claybrone, Petitioners,**

v.

**COMMISSIONER OF ALABAMA BOARD OF CORRECTIONS, Respondent.**

**Civ. A. Nos. 5620–69–H, 6091–70–H and 7094–72–H.**

United States District Court, S. D. Alabama, S. D.

Feb. 10, 1976.

William R. Lauten, Mobile, Ala., for petitioners.

Larry R. Newman, Asst. Atty. Gen., Montgomery, Ala., Robert G. Kendall, Mobile, Ala., for respondents.

## ORDER

HAND, District Judge.

In its Order of August 7, 1975, D.C., 399 F.Supp. 271, this Court disposed of the issues raised by Civil Action 7094–72–H; allowed amendment of Civil Actions 5620–69–H and 6091–70–H to permit them to proceed as class actions, and continued same for further study. On August 29, 1975 a joint Order in this and other cases was issued with Judge Frank M. Johnson, Jr. of the Middle District, enjoining prison authorities from accepting any more prisoners in any of the State institutions until such time as those institutions had a prison population no greater than the design capacity of said respective facilities,[1] which injunction is still in force and effect. By further joint Order dated October 9, 1975, the Courts allowed a clarification of the aforesaid injunction permitting administrative transfer of prisoners within the prison system without the necessity of having to

1. *Robert G. McCray v. L. B. Sullivan,* Civil Action 5620–69–H; *Robert G. McCray v. L. B. Sullivan,* Civil Action 6091–70–H; *Jerry White and Alvin Claybrone v. Commissioner of Alabama Board of Corrections,* Civil Action 7094–72–H; *Jerry Lee Pugh v. L. B. Sullivan, et al., Ira De Ment, U. S. Attorney, Amicus Curiae,* Civil Action 74–57–N; and *Worley James, et al. v. George C. Wallace, et al., The National Prison Project of the American Civil Liberties Union Foundation, Inc. and Ira De Ment, U. S. Attorney, Amicus Curiae,* Civil Action 74–203–N.

transport the body through overburdened institutions.

Having therefore reserved judgment on the remaining issues in this case pending possible action by the 1975 Legislature, which was then in session to fashion some relief, and the Legislature having adjourned without addressing itself fully to the question, and the Courts having taken additional testimony on the problem, determines that further order is now appropriate.

As heretofore set forth in the August 7, 1975 Order, G. K. Fountain Correctional Center, Draper Correctional Center, Holman Unit and Medical and Diagnostic Center are grossly overpopulated and grossly understaffed, proximately resulting in conditions that give rise to sub-human treatment of the inmates incarcerated therein, a condition which this Court found to be violative of the Constitution of the United States. The only relief that appears on the horizon is the passage of a bond issue that would permit certain corrective measures to be taken in the physical plants of the various institutions, and the reduction in population resulting from the injunction of the Courts.

■ It has been urged upon this Court, and others, that definitive order should issue specifying what would meet Constitutional muster in this type case. Such advocacy requires of this Court that it give a declaratory judgment or an advisory opinion on what is meant by cruel and unusual punishment as prohibited by the Constitution. Neither this nor any other Court has infinite wisdom or a crystal ball that would permit it to one time determine what other judges might agree is required by the circumstances presented to them by the facts in these cases and for this reason this Court will not attempt to undertake such an effort.

■ It is and should be the province and burden of the State and those departments responsible, to undertake corrective action to provide the minimum requirements of a system that does not impose cruel and unusual punishment upon inmates incarcerated by it. This Court is of the opinion that it does not possess and should not assume authority to direct the exact means or method to be pursued by the State in discharging such duties. Suffice it to say that if the State fails to properly discharge such duties of providing and operating its prison facilities in a manner which no longer infringes upon the Constitutional rights of the inmates it may become necessary to enjoin further use of such facilities for the incarceration of prisoners.

■ The Board of Corrections and the Commissioner have previously indicated to this Court that they are unable, under present funding, to undertake any meaningful corrective measures. Bond funds have now been authorized and it is hoped that the Legislature, which convenes in May, will provide additional funds and means sufficient to enable the State to discharge its duties with respect to its prison facilities. In light of this it is therefore ORDERED that the defendants provide this Court within 90 days a written report of the present condition of the prison system as it affects the institutions specified herein; the contemplated use of the bond funds authorized by the people of the State of Alabama; the effect of such use on present conditions in the various institutions; time schedule of such implementation; and the recommendations it proposes to make to the next session of the Legislature for additional or further relief.

It is further ORDERED that the defendants make a supplemental report in writing within 180 days reflecting the then conditions of the prisons and the success, if any, to be derived from legislative action. Unless such reports indicate probable success in alleviating the present conditions within the foreseeable future and unless the Legislature shows a willingness to address itself forcefully to the problem with legislation that speaks affirmatively to the solution of the overcrowding, understaffing and administration of the present penal system, then this Court will again review the matter with the view towards other appropriate

action. The Court retains jurisdiction pending further orders.

